# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| RICHARD STIRLING, Individually and For Others Similarly Situated<br><br>v.<br><br>MERIDIAN SERVICES GROUP, LLC f/k/a WORK MANAGEMENT, INC. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Richard Stirling (Stirling) brings this collective action lawsuit to recover unpaid overtime wages and other damages from Meridian Services Group, LLC f/k/a Work Management, Inc. (Meridian) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).

2. Stirling worked for Meridian as an hourly employee.

3. Stirling and the Straight Time Employees (as defined below) regularly worked more than 40 hours a week.

4. But Meridian did not pay Stirling and the Straight Time Employees overtime.

5. Instead of paying overtime as required by the FLSA, Meridian classified Stirling and the Straight Time Employees as exempt from overtime and

paid them the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek (or "straight time for overtime").

6. Meridian never paid Stirling or the Straight Time Employees on a "salary basis."

7. In addition to Stirling and the Straight Time Employees' hourly pay, Meridian uniformly paid these employees a per diem for each day they worked.

8. But Meridian never included these per diems in calculating Stirling and the Straight Time Employees' regular rates of pay – as defined by the FLSA – for overtime purposes.

9. Thus, Meridian violated the FLSA by failing to pay Stirling and the Straight Time Employees overtime at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 hours in a workweek.

10. This collective action seeks to recover the unpaid overtime wages and other damages owed to Stirling and the Straight Time Employees.

**JURISDICTION & VENUE**

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

12. This Court has general personal jurisdiction over Meridian because Meridian is a domestic limited liability company that maintains its headquarters in Greensboro, Georgia.

13. Venue is proper because Meridian maintains its headquarters in Greensboro, Georgia, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

14. Stirling worked for Meridian as an Initial Test Program Engineer from approximately February 2018 until January 2022.

15. Throughout his employment, Meridian classified Stirling as exempt from overtime and paid him the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek.

16. Throughout his employment, Meridian also paid Stirling a daily per diem, which Meridian never included in calculating Stirling's regular rate of pay for overtime purposes.

17. Stirling's written consent is attached as **Exhibit 1**.

18. Stirling brings this action on behalf of himself and all other similarly situated workers who Meridian paid straight time for overtime.

19. Meridian paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek in violation of the FLSA.

20. The Putative Collective of similarly situated employees is defined as:

> **All current and former employees of Meridian Services Group, LLC f/k/a Work Management, Inc. who were paid the same hourly rate for all hours worked (or "straight time for overtime") at any time during the past 3 years ("Straight Time Employees" or "Putative Collective").**

21. Meridian is a domestic limited liability company that maintains its headquarters in Greensboro, Georgia.

22. In 2021, Work Management, Inc. and High Bridge Associates, Inc. merged to create Meridian.

23. Meridian can be served with process by serving its registered agent: **Steve R. Maehr, 1021 Parkside Commons, Suite 103, Greensboro, Georgia 30642**, or wherever he may be found.

## COVERAGE UNDER THE FLSA

24. At all relevant times, Meridian was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Meridian was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Meridian was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees

4

handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment – that have been moved in or produced for commerce.

27. At all relevant times, Meridian has had an annual gross volume of sales made or business done of not less than $500,000 each year.

28. At all relevant times, Stirling and the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

29. Meridian uniformly applied its policy of paying its employees, including Stirling and the Straight Time Employees, straight time for overtime.

30. Meridian applied this policy regardless of any alleged individualized factors, such as specific job title, client assignment, or geographic location.

31. By paying its employees straight time for overtime, Meridian violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at rates not less than 1.5 times their regular rates for hours worked in excess of 40 in a workweek.

32. As a result of Meridian's uniform straight time for overtime pay policy, Stirling and the Straight Time Employees do not receive overtime pay at the proper premium rates as required by the FLSA.

33. Meridian's uniform compensation scheme of paying Stirling and the Straight Time Employees straight time for overtime is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

34. Meridian is a recruitment and staffing company that "serves over 100 clients in 30 states[,] … include[ing] power generation companies, gas and electric transmission & distribution companies, petrochemical companies, EPC contractors, and equipment manufacturers."[1]

35. Meridian "was formed in 2021 as a strategic merger of the commercial business of High Bridge Associates, Inc. and Work Management, Inc."[2]

36. To meet its business objectives, Meridian hires employees, including Stirling and the Straight Time Employees, who it assigns to provide services to its clients across the country.

37. Meridian uniformly classifies these employees as exempt and pays them the same hourly rate for all hours worked, including those worked in excess of 40 hours in a workweek ("straight time for overtime") in violation of the FLSA.

---

[1] https://meridian-sg.com/ (last visited April 10, 2023).
[2] *Id.*

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

39. For example, Stirling worked for Meridian as an Initial Test Program Engineer from approximately February 2018 until January 2022.

40. Throughout his employment, Meridian paid Stirling the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

41. Specifically, prior to April 2021 (before the merger), Meridian paid Stirling approximately $76 – $80.60 for every hour he worked, including those in excess of 40 in a week, as well as a daily per diem of $120 (or $600/week):

> Dear Richard,
>
> This Letter confirms our offer and your acceptance of a position with Work Management Inc. in accordance with our agreement as follows:
>
> Position/Title: Initial Test Program Test Engineer
> Assignment Location: Southern - Vogtle 3 & 4      Estimated Report Date: 2/5/2018
> Straight Time Hourly Rate: $ 76.00
> Overtime Hourly Rate: $ 76.00
> Per Diem: $600.00/Week - Must work a total of 80 hours in a 2 week span. Otherwise, per diem will be paid at $15.00/Hour.

42. In April 2021 (after the merger), while Meridian continued to pay Stirling his daily per diem, Meridian began characterizing its straight time for overtime pay scheme as a salary plus additional hourly compensation plan.

43. While Meridian characterizes its pay plan as a salary plus (hourly) "production bonuses," Meridian admits the purported base "salary" it paid to Stirling and the Straight Time Employees is based on 32 hours of work paid at these employee's regular hourly rates:

> Dear Richard,
>
> This Letter confirms our offer and your acceptance of employment with Meridian Services Group, LLC. You will be employed in a salaried, exempt position in accordance with our agreement as follows:
>
> Position/Title: Initial Test Program Test Engineer
> Assignment Location: AEP - Remote Work From Home
> Effective: 04/19/2021
>
> **Compensation**
> Weekly Salary: $ 2,579.20
> Your salary provides your base compensation for all time worked in a workweek. As a recognition for working extended hours, and in order to support our Clients' various work schedules and to compensate you for additional hours you may work beyond the normal 32 hour workweek, you will receive a production bonus of $80.60 per hour for every hour worked over 64 in a given two-week payperiod. The Company will withhold taxes and other required deductions as appropriate from your compensation payments.
>
> Per Diem: $600.00/Week - Must work a total of 80 hours in a 2 week span. Otherwise, per diem will be paid at $15.00/Hour.

44. While Meridian purports to pay Stirling and the Straight Time Employees a "salary," this purported "salary" bears no "reasonable relationship … between the guaranteed amount and the amount actually earned[,]" as required by 29 C.F.R. § 541.604(b).

45. This is because Stirling and the Straight Time Employees regularly work far in excess of 32 hours each week and often work 60+ hours each workweek.

46. In fact, Stirling and the Straight Time Employees typically worked 10-14 hours per day, for 6-7 days each week.

47. Thus, Stirling and the Straight Time Employees' purported "salaries" (based 32 hours) bear no reasonable relationship to the amount they actually earned (based on their 60+ hours actually worked). *See* 29 C.F.R. § 541.604(b); *see*

*also* DOL Opinion Letter Fair Labor Standards Act (FLSA), No. FLSA2018-25, 2018 WL 5921453, at *2 (Nov. 8, 2018) (citing 29 C.F.R. § 541.604(b)).

48. For example, during the 2-week pay period ending on May 14, 2021, Stirling worked 145, but Meridian still paid him the same hourly rate ($80.60) for all 145 hours.

49. Thus, Stirling's purported base "salary" ($2,579.20 per week, or $5,158.40 per 2-week pay period) bears no reasonable relationship to the amount he actually earned ($12,887[3]):

| PAY | Hours | Rate | Current | YTD |
|---|---|---|---|---|
| Salary-Field Employee | | | 5158.4 | 10316.8 |
| Production Bonus | 81.0 | 80.6 | 6528.6 | 12573.6 |
| Taxable Per Diem | | | 1200.0 | 2400.0 |

50. All the Straight Time Employees perform similar job duties, work similar hours, and are denied overtime at the proper premium rates as a result of the same illegal pay practices.

51. Meridian uniformly paid Stirling and the Straight Time Employees under its straight time for overtime pay scheme.

---

[3] This amount includes Stirling's per diem payments.

52. Meridian uniformly failed to include Stirling and the Straight Time Employees' per diem payments in calculating these employees' regular rates of pay for overtime purposes.

53. Stirling and the Straight Time Employees regularly worked over 40 hours in a week.

54. Stirling and the Straight Time Employees worked in accordance with the schedule set by Meridian and/or its clients.

55. The hours Stirling and the Straight Time Employees worked are reflected in Meridian's records.

56. Instead of paying overtime as required by the FLSA, Meridian paid Stirling and the Straight Time Employees the same hourly rate for all hours they worked, including those in excess of 40 hours in a workweek.

57. Meridian's "straight time for overtime" payment scheme violates the FLSA because it deprives Stirling and the Straight Time Employees of overtime at the proper premium rates for the hours they work in excess of 40 hours in a workweek.

58. Further, Meridian uniformly pays Stirling and the Straight Time Employees per diems.

59. For example, throughout his employment, Meridian paid Stirling a per diem ($120/day).

60. But Meridian does not include these per diem payments in its calculations of Stirling and the Straight Time Employees' regular rates of pay for overtime purposes.

61. Thus, by failing to include Stirling and the Straight Time Employees' per diem payments in calculating these employees' regular rates of pay for overtime purposes, Meridian's uniform payment scheme violates the FLSA because it deprives Stirling and the Straight Time Employees of overtime pay at rates not less than 1.5 times their regular rates of pay – based on all renumeration received – for the hours they work in excess of 40 hours in a single workweek

62. Meridian is aware, or should have been aware, that it was subject to the FLSA, including its overtime requirements.

63. Meridian is aware, or should have been aware, that the FLSA required it to pay Stirling and the Straight Time Employees overtime at rates not less than 1.5 times these employees' regular rates of pay – based on all renumeration received – for all hours worked in excess of 40 hours in a workweek.

64. Meridian is aware, or should have been aware, that Stirling and the Straight Time Employees were non-exempt from the FLSA's overtime provisions and, therefore, entitled to overtime pay.

65. Meridian is aware, or should have been aware, that Stirling and the Straight Time Employees regularly worked more than 40 hours in a workweek because it expected and required these workers to do so.

66. Meridian knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

67. Nonetheless, Meridian did not pay Stirling and the Straight Time Employees overtime at rates not less than 1.5 times these employees' regular rates of pay – based on all renumeration received – for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

68. Meridian knowingly, willfully, or in reckless disregard carried out this illegal pay scheme that deprived Stirling and the Straight Time Employees of overtime compensation at the proper premium rates in violation of the FLSA.

69. Meridian's failure to pay Stirling and the Straight Time Employees overtime compensation at the proper premium rates was neither reasonable, nor was the decision not to pay these employees overtime at the proper premium rates made in good faith.

### COLLECTIVE ACTION ALLEGATIONS

70. Stirling realleges and incorporates all other paragraphs by reference.

71. Stirling brings his FLSA claim as a collective action under § 216(b) of the FLSA.

72. Numerous individuals were victimized by Meridian's pattern, practice, and policy of paying its workers, including Stirling and the Straight Time Employees, straight time for overtime, which is in willful violation of the FLSA.

73. Numerous other Straight Time Employees worked with Stirling and indicated they were paid in the same manner (straight time for overtime) and performed similar work.

74. Based on his experience and tenure with Meridian, Stirling is aware that that the illegal practices Meridian imposed on him were likewise imposed on the Straight Time Employees.

75. The Straight Time Employees are similarly situated in all relevant respects.

76. Meridian's failure to pay Stirling and the Straight Time Employees overtime wages at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Employees.

77. The specific job titles or precise job locations of the Straight Time Employees do not prevent collective treatment.

78. Stirling has no interest contrary to, or in conflict with, the Straight Time Employees.

79. Like each Straight Time Employee, Stirling has an interest in obtaining the unpaid overtime wages owed to them under federal law.

80. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

81. Absent this collective action, many Straight Time Employees likely will not obtain redress of their injuries, and Meridian will reap the unjust benefits of violating the FLSA.

82. Even if some of the Straight Time Employees could afford individual litigation against Meridian, it would be unduly burdensome to the judicial system.

83. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

84. The questions of law and fact that are common to Stirling and each Straight Time Employee predominate over any questions affecting solely the individual members.

85. Among the common questions of law and fact are:

   a. Whether Meridian's illegal pay practices were applied uniformly across the nation to all Straight Time Employees;

      b.      Whether Stirling and the Straight Time Employees were exempt from overtime;

      c.      Whether Meridian's straight time for overtime pay scheme satisfies the salary basis test;

      d.      Whether Stirling and the Straight Time Employees' per diem payment should have been included in Meridian's calculation of these employees' regular rates of pay for overtime purposes;

      e.      Whether Meridian's decision to not pay Stirling and the Straight Time Employees overtime at the proper premium rate was made in good faith; and

      f.      Whether Meridian's violations of the FLSA were willful.

86. Stirling's claims are typical of the claims of the Straight Time Employees.

87. Stirling and the Straight Time Employees sustained damages arising out of Meridian's illegal and uniform employment policies and practices.

88. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

89. Therefore, the issue of damages does not preclude collective treatment.

90. Meridian is liable under the FLSA for failing to pay overtime to Stirling and the Straight Time Employees.

91. Consistent with Meridian's illegal pay policy, Stirling and the Straight Time Employees were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

92. As part of its regular business practices, Meridian intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Stirling and the Straight Time Employees.

93. Meridian's illegal pay and classification policies deprived Stirling and the Straight Time Employees of the premium overtime wages they are owed under federal law.

94. There are many similarly situated Straight Time Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

95. Notice of this lawsuit should be sent to the Straight Time Employees pursuant to 29 U.S.C. § 216(b).

96. Those similarly situated workers (the Straight Time Employees) are known to Meridian, are readily identifiable, and can be located through Meridian's business and personnel records.

## CAUSE OF ACTION
## VIOLATIONS OF THE FLSA

97. Stirling realleges and incorporates all other paragraphs by reference.

98. Stirling brings his FLSA claims as a collective action under 29 U.S.C. § 216(b).

99. As set forth herein, Meridian violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees (Stirling and the Straight Time Employees) in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates not less than 1.5 times the regular rates of pay based on all remuneration received.

100. Meridian knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Stirling and the Straight Time Employees overtime compensation at the proper premium rates.

101. Meridian's failure to pay Stirling and the Straight Time Employees overtime compensation at the proper premium rates was neither reasonable, nor was the decision not to pay these employees overtime at the proper premium rates made in good faith.

102. Accordingly, Stirling and the Straight Time Employees are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their regular

hourly rates of pay, plus an equal amount as liquidated damages, as well as attorney's fees and costs.

## JURY DEMAND

103. Stirling demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Stirling individually, and on behalf of the Straight Time Employees, prays for the following relief:

    a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Straight Time Employees allowing them to join this action by filing a written notice of consent;

    b. A Judgment against Meridian awarding Stirling and the Straight Time Employees all their unpaid overtime compensation and an equal amount as liquidated damages;

    c. An Order awarding attorney's fees, costs, and expenses;

    d. Pre- and post-judgment interest at the highest applicable rates; and

    e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ C. Ryan Morgan
C. Ryan Morgan
GA Bar No. 711884
**MORGAN & MORGAN, PA**
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
(407) 420-1414 – Telephone
(407) 245-3401 – Facsimile
rmorgan@forthepeople.com

Michael A. Josephson*
TX Bar No. 24014780
Andrew W. Dunlap*
TX Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**