# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| RICHARD STIRLING, Individually and For Others Similarly Situated | **Case No. 3:23-cv-00040-CDL** |
| v. | Jury Trial Demanded |
| MERIDIAN SERVICES GROUP, LLC f/k/a WORK MANAGEMENT, INC. | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY

Plaintiff Richard Stirling ("Plaintiff") and Defendant Meridian Services Group, LLC f/k/a Work Management, Inc. ("Defendant") (collectively, the "Parties") in the above-captioned action have sought and may continue to seek discovery of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information of another party or of a third party.

The Parties wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way. Accordingly, pursuant to Fed. R. Civ. P. 26(c), the Parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court finds that, in light of the nature of the non-public, confidential,

competitively sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order.

IT IS SO ORDERED that this Protective Order ("Order") shall be entered and limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereafter provided:

### 1.   SCOPE

a.   This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response, or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party"). This Order is binding upon the Parties to the Litigation, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Order.

b.   Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential, private, or proprietary information, including: (i) Defendant's financial data, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting, and retention data; (ii) non-public private information relating to individuals, such as

employee names, Social Security numbers, home addresses and/or telephone numbers, business or financial records, medical records, or other personal, sensitive information relating to individuals; (iii) personnel files and other private information relating to employees' employment (e.g., performance evaluations, promotion and demotion information, compensation information, etc.); (iv) trade secrets or other non-public, proprietary information; and (v) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information"). As used herein, "Confidential" includes both documents designated as "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

c.      Confidential Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" are documents the producing party believes in good faith constitute, reflect, or disclose highly sensitive confidential or proprietary information, which the producing party deems requires protection beyond that provided by the "CONFIDENTIAL" designation. Information or documents that are available to the public or generally made available to Defendant's non-management employees at-large may not be designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

d.      Any party to this Litigation and any third party may designate as Confidential documents or information produced by another party or third party if

that Discovery Material (i) either originated from the designating party or third party (or was generated on the designating or third party's behalf), and (ii) the party or third party who produced the documents or information agreed, or is required by law, to treat that Discovery Material as confidential, in which case the designating party shall be deemed a Producing Party for purposes of this Order as to the documents or information designated pursuant to this provision.

e.    This Order does not preclude the Parties from entering into further written agreements or stipulated orders with respect to ESI or other discovery issues.

## 2.    DESIGNATION OF CONFIDENTIALITY

Documents or information may be designated "Confidential" in the following ways:

a.    A Producing Party shall, if appropriate, designate specific documents as "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." All documents produced or disclosed during discovery in this Litigation shall, if practicable, be identified by Bates number and, to the extent applicable, the appropriate designation shall be placed near the Bates number. Documents marked "Confidential" prior to the Parties' execution of this stipulated Order are considered Confidential pursuant to this Order, and the designation of those earlier produced

documents may be made at the top of the page or elsewhere on the documents in a conspicuous location.

b.      A Producing Party shall, if appropriate, designate interrogatory answers and responses to requests for admissions as "Confidential" by marking the first page and each page of interrogatory answers or responses to requests for admission containing Confidential Information with the legend:

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

c.      In the case of deposition and the information contained in depositions (including exhibits), counsel for a party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information as "Confidential" by making a statement to such effect on the record in the course of the deposition or by letter within 14 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). As appropriate, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." If all or part of the videotaped deposition is designated as "Confidential," the video container shall be labeled with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." When a deposition transcript contains Confidential Information, the Producing Party responsible for the

"Confidential" designation shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information and bind them separately from the non-confidential portions.

d.     To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated "Confidential," that party and/or its counsel must take all necessary steps to insure that access to such media is property restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and will affix to any media containing such information a label with the legend as provided for in paragraph 2(a) above.

## 3.     FILING OF CONFIDENTIAL INFORMATION

All documents and materials containing Confidential Information that are filed with the Court shall be filed either under seal, with written permission of the Producing Party, or pursuant to an order of the Court that expressly permits the filing. Prior to seeking leave to file a document under seal, the filing party shall seek written permission from the Producing Party to file the document not under seal. During this process, the Parties shall consider whether the document may be filed not under seal, with or without redaction, particularly in light of the presumptions set forth in the Court's July 11, 2023 Order addressing orders regarding confidentiality. Any Party or third party seeking to file documents and materials with

the Court under seal as Confidential Information must obtain leave of Court before doing so, pursuant to Fed. R. Civ. P. 5.2(d) and must comply with Civil Local Rule 5.4.

### 4.     USE OF DISCOVERY MATERIAL

a.     Discovery Material provided by any Party or nonparty in the course of this Litigation shall be used, except by the Producing Party, solely for the purposes of this Litigation, including for the purpose of preparation, trial, and appeal of this Litigation, and for no other purpose. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be disclosed except in accordance with the terms of this Order.

b.     Nothing in this Order shall be deemed to limit or restrict any Producing Party from using, filing, or disclosing its own documents or its own Confidential Information for any purpose or from authorizing any such use. The Producing Party may withdraw or modify any designation.

### 5.     DISCLOSURE OF CONFIDENTIAL INFORMATION DESIGNATED "CONFIDENTIAL"

Access to Confidential Information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

a.     The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary

clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial, or appeal in this Litigation;

b.      Special masters and mediators or other individuals engaged or consulted in settlement of this Litigation;

c.      Outside counsel of record for the Parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the Parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

d.      Outside photocopying, data processing, or graphic production services employed by the Parties or their counsel of record to assist in this Litigation;

e.      Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel shall use the information solely in connection with this Litigation; (iii) the individual and/or a

representative of each expert consulting firm shall sign the written assurance attached as Exhibit A on behalf of themselves and any Designated Expert Personnel associated with that firm. Notwithstanding the foregoing, no access to information designated Confidential shall be provided to any individual expert or any Designated Expert Personnel who is (a) a current or former (within the past year from the date of this Order) employee of any Party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with Defendant, or (b) an employee of, affiliated in business with, or counsel (in-house or outside) to any labor organization. Further, no access shall be permitted unless the individual expert and each of the Designated Expert Personnel first agrees in writing not to become an employee of, consultant to, affiliated with, or counsel, in-house or outside, to a labor organization or competitor before the later of (a) one (1) year from the date that the expert or Designated Expert Personnel last receives Confidential Information or (b) during the pendency of this Litigation. If a party desires to provide access to information designated Confidential to a retained expert or Designated Expert personnel who does not satisfy the provisions of Paragraph 5.e.(a) or refuses to agree to the provisions of Paragraph 5.e.(b), then the party desiring to provide such access shall give written notice to the Producing Party. The Producing Party and the Party giving notice will then meet and confer within three business days of the date that notice is received. If they are unable to reach agreement, then the Party desiring to

provide access to Confidential materials to such expert or Designated Expert Personnel may give notice to the Producing Party that impasse has been reached with respect to this issue. In that event this restriction on the experts or Designated Expert Personnel who may be provided with access to Confidential Information shall be deemed null and void as of the date that notice of impasse is received. Within five (5) business days of receipt of the notice of impasse, the Producing Party may file a motion with the Court to obtain a protective order. No materials marked Confidential shall be shown to the expert or Designated Expert Personnel during the five-day period, and if a motion is filed within that five-day period, no such materials shall be shown to the expert or Designated Expert Personnel until after the Court rules on the motion for a protective order and then access shall be provided only consistent with the terms of the Court's ruling, if at all;

f.        (i) Any named Plaintiff in this case, but only during such time as he or she remains a Plaintiff in this case, and only to the extent necessary to further the interest of the Parties in this Litigation; (ii) those persons who, in accordance with applicable procedures, properly "opt-in" to the case, but only during such time that they have "opt-in" status, and only to the extent necessary to further the interest of the Parties in this Litigation; and (iii) any employee of Defendant, or any affiliated company of any of them to whom an authorized representative of Defendant chooses

to disclose such information, but only to the extent necessary to further the interest of the Parties in this Litigation;

g.     Any person not described in Paragraph 5(f) who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment or (iv) is referred to in the Discovery Material, but only as to the specific Discovery Material in which such person is referenced, discussed, or mentioned;

h.     Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access;

i.     Any witness called either at trial or at deposition by either party, provided the witness has executed an Agreement of Confidentiality in substantially the form attached hereto as **Exhibit A**;

j.     Any governmental or regulatory agency that has requested such information and is entitled to it by statute or court order; and

k.     The author of the document or the original source of information.

6.     **DISCLOSURE OF CONFIDENTIAL INFORMATION DESIGNATED "CONFIDENTIAL-ATTORNEYS' EYES ONLY"**

a.      Outside counsel of record for the Parties (including members or associates of such counsel's firm) or in-house counsel for the Parties;

b.      Other persons by written consent of the Producing Party and on such conditions as may be consented to; and

c.      Other persons by order of the Court and on such conditions as may be ordered.

### 7.      NOTIFICATION OF PROTECTIVE ORDER

a.      Confidential Information shall not be disclosed, described, or otherwise made available to an individual expert or expert consulting firm described in Paragraph 5(e), unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as **Exhibit A**. The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation and shall be produced to the other party at the time this party produces its expert reports and responds to expert discovery. This prohibition includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

b.      Confidential Information shall not be disclosed to persons who are non-parties pursuant to 5(b) and 5(g)(i), (ii), (iii), and (iv), unless (1) such persons are

first provided with a copy of this Order and (2) disclosing counsel first advises them that they are bound by the provisions of this Order.

### 8.   USE OF CONFIDENTIAL INFORMATION IN COURT

a.      If any Receiving Party plans to utilize any Confidential Information at a court hearing, that Receiving Party, will use reasonable efforts to inform the Producing Party of its intent to use such information at least twenty-four (24) hours in advance of the hearing. If no such advance notice is given, the Receiving Party will provide the Producing Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Information before reference is made to any such Confidential Information on the record.

b.      In the event that any information designated as "Confidential" is used in any Court proceeding in this Litigation or any appeal, it shall not lose its status as Confidential.

c.      The rules governing the use of Confidential Information at trial shall be determined at a future date.

### 9.   OBJECTIONS TO CONFIDENTIAL DESIGNATIONS

A party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any

material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of that letter, the party resisting to remove the Confidential designation may ask the Court for an Order allowing the designation with respect to the challenged Discovery Material. If such a request is made, the Producing Party has the burden of establishing that the designation is proper. If no such request is made within thirty (30) days of the objections letter, the material will not retain its designation. If such request is made within thirty (30) days of the objections letter, the material will retain its designation until the Court resolves the dispute concerning the designation. If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated "Confidential" shall be treated in the manner designated until such time as the Court rules that they should not be treated as "Confidential" or the Producing Party agrees to change the designation.

## 10.   PRESERVATION OF RIGHTS AND PRIVILEGES

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for

production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

## 11.    RETURN OR DESTRUCTION OF MATERIALS

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party, or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order.

## 12.    CORRECTION OF DESIGNATION AND CLAWBACK

a.    A Producing Party that fails to designate Discovery Material as "Confidential" at the time of its production, or fails to designate portions of a transcript within 21 days after a receipt of a transcript as provided in Paragraph 2(c), shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction,

the Receiving Party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

b.     Pursuant to Federal Rule of Civil Procedure 502(d), the production of material protected by the attorney-client privilege or attorney work product protection or any other privilege or protection from disclosure ("Privileged Material") is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. Upon written notification from the Producing Party to the Receiving Party identifying disclosed Privileged Material, the Receiving Party shall not review the disclosed Privileged Material in any respect; shall within seven (7) days return, sequester, delete or destroy all copies of the disclosed Privileged Material (including any and all descriptions of such Privileged Material in any work-product); shall take reasonable steps to retrieve such Privileged Material if the Receiving Party disclosed it before being notified; and shall make no

further use of such Privileged Material (or work product containing such Privileged Material).

c.     If the Receiving Party receives documents, ESI, or other forms of information from the Producing Party, that, upon inspection or review, appears in any respect to contain or constitute potentially Privileged Material, the Receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately identify the potentially Privileged Material to the Producing Party.

d.     The Receiving Party may object to the designation of disclosed information as Privileged Material by providing written notice of such objection within seven (7) days of its receipt of a written demand for the return of the disclosed Privileged Material. The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Material. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an *in camera* review of the disclosed Privileged Material. However, the Receiving Party agrees not to argue in connection with a dispute over Privileged Material that the information may not have been reviewed by the Producing Party prior to its disclosure or that the Producing Party did not take reasonable steps to prevent disclosure. Pending resolution of any such dispute by the Court, the

receiving party shall not review and shall not use the disclosed Privileged Material in any respect.

e.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review and segregation for withholding from production documents, ESI or information (including metadata) on the basis of relevance or responsiveness to discovery requests, or that is Privileged Material.

f.      If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party of the Confidential Information and make every reasonable effort to retrieve that Confidential Information and to prevent further disclosure.

## 13.      LIMITATION ON SCOPE OF THIS ORDER

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, except that this limitation does not eliminate the application of Paragraph 1(d).

## 14.      NO ADMISSION

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

## 15.   DUTY TO NOTIFY OF RECEIPT OF SUBPOENA

If any Receiving Party receives a subpoena for documents subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena, so that the Producing Party has an opportunity to object prior to the production of any responsive material.

## 16.   APPLICATION OF THIS ORDER TO NON-PARTIES

This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this Litigation, if said non-party requests the protection of this Order as to its Confidential Information and complies with the provisions of this Order.

## 17.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve

all copies of the protective material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the agreement attached as **Exhibit A**.

### 18.    CONTINUING FORCE OF THIS ORDER

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

### 19.    LIST OF POTENTIAL COLLECTIVE ACTION MEMBERS

To the extent conditional certification is granted, any list of potential members of any conditionally certified collective action shall be used only for providing notice to the potential members of the conditionally certified collective action and for administrative purposes in connection with this Litigation. The list may not be used for any other purpose.

### 20.    CONFIDENTIAL DESIGNATIONS PRIOR TO THE ENTRY OF THIS ORDER

Until this Order is entered by the Court, any Discovery Material designated as Confidential Information that is produced in this Litigation shall be protected from disclosure pursuant to the terms of this Order as if ordered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order

shall remain in full force and effect unless modified by written agreement of all Parties or order of the Court.

## 21.    MODIFICATION OF ORDER

This Order is binding on all Parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information, or seeking to prevent Confidential Information from being provided to persons described in paragraphs 5 and 6 of this Order.

## 22.    APPLICABILITY TO FUTURE ACTIONS

The terms of this Order shall be binding upon all current and future parties, including any "opt-ins," to this Litigation and their counsel.

Stipulation to entry, notice of hearing hereby waived:

By:

| | |
|---|---|
| */s/ Richard M. Schreiber (by permission)* | */s/ Gerald L. Maatman, Jr.* |
| Michael A. Josephson | Gerald L. Maatman, Jr. |
| Texas Bar No. 240147780 | *Admitted pro hac vice* |
| Andrew W. Dunlap | Jennifer A. Riley |

Texas Bar No. 24078444
Richard M. Schreiber
Texas Bar No. 24056278
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

C. Ryan Morgan
GA Bar No. 711884
MORGAN & MORGAN, PA
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
(407) 420-1414 – Telephone
(407) 867-4791 – Facsimile
rmorgan@forthepeople.com

*Attorneys for Plaintiff*

*Admitted pro hac vice*
DUANE MORRIS LLP
190 South LaSalle Street
Suite 3700
Chicago, IL 60603
312-499-6710 – Telephone
312-499-6701 – Facsimile
GMaatman@duanemorris.com
JARiley@duanemorris.com

Natalie F. Bare
*Admitted pro hac vice*
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
215-979-1962 – Telephone
215-405-3710 – Facsimile
NFBare@duanemorris.com

Nicolette J. Zulli
Georgia Bar No. 473765
DUANE MORRIS LLP
1075 Peachtree St. NE
Suite 1700
Atlanta, GA 30309
404-253-6903 – Telephone
404-253-6901 – Facsimile
NJZulli@duanemorris.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| RICHARD STIRLING, Individually and For Others Similarly Situated <br><br> v. <br><br> MERIDIAN SERVICES GROUP, LLC f/k/a WORK MANAGEMENT, INC. | **Case No. 3:23-cv-00040-CDL** <br><br> Jury Trial Demanded <br><br> FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## <u>ORDER</u>

Based upon the foregoing Stipulation for Preservation of Records and Protective Order between the Parties, and good cause appearing therefore,

IT IS SO ORDERED.

Dated: 10/26/2023                    /s/Clay D. Land_____

                                     United States District Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| RICHARD STIRLING, Individually and For Others Similarly Situated<br><br>v.<br><br>MERIDIAN SERVICES GROUP, LLC f/k/a WORK MANAGEMENT, INC. | **Case No. 3:23-cv-00040-CDL**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |

## PRESERVATION OF RECORDS AND PROTECTIVE ORDER

I, _____, acknowledge that

_____has provided me with a copy

of the Stipulation for Preservation of Records and Protective Order entered in the

above Litigation, that I have read the Order, and that I understand that I am bound

by the terms of that Order.

Dated: _____      Signature: _____

                                    Print Name: _____

                                    Address: _____

                                    _____

                                    _____