```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION
```

RICHARD STIRLING, individually   *
and on behalf of others
similarly situated,              *

    Plaintiff,               *
                                          CASE NO. 3:23-cv-40 (CDL)
vs.                              *

MERIDIAN SERVICES GROUP, LLC     *
f/k/a WORK MANAGEMENT, INC.,
                              *

    Defendant.

## O R D E R

Richard Stirling filed this action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Stirling moved to conditionally certify this action as an FLSA collective action pursuant to 29 U.S.C § 216(b), which Defendant ("Meridian") opposes. Meridian further moves the Court under Federal Rule of Civil Procedure 16(c) to exclude from any notice all Meridian employees who signed a valid arbitration agreement covering their FLSA claims. Also pending are Meridian's motion seeking an order that Stirling's counsel cease and desist from continuing certain advertising and Stirling's motion to compel discovery.

For the reasons that follow, Stirling's conditional certification motion (ECF No. 28) is granted. Meridian's Rule 16(c) motion (ECF No. 51) is granted to the extent that employees

who have signed enforceable arbitration agreements shall not be included in the class and thus shall not receive the class notice. If a dispute exists as to whether an employee entered into such an arbitration agreement, the Court will decide the issue on a case-by-case basis. Meridian's cease and desist motion (ECF No. 57) and Stirling's motion to compel (ECF No. 60) are denied.

## DISCUSSION

### I. Stirling's Conditional Certification Motion

The FLSA holds employers liable for unpaid compensation to their employees. 29 U.S.C. § 216(b). Employees may recover unpaid compensation through collective actions against the employer; employees who wish to be plaintiffs in such an action must opt in by filing their written consent with the Court. *Id.* "[T]o maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

Collective actions generally proceed in two stages. In the notice or conditional certification stage, the Court evaluates "whether other similarly situated employees should be notified" of the action based on the pleadings and any affidavits. *Id.* at 1260. Plaintiffs must show "a reasonable basis for [their] claim that there are other similarly situated employees;" the standard for assessing similarity at this stage is "fairly lenient." *Id.* at 1260-61 (internal quotation marks and citations omitted). If the

Court conditionally certifies a collective action, then "putative class members are given notice and the opportunity to opt-in" to the action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (per curiam) (internal quotation marks omitted). The next stage, referred to as the decertification stage, allows the employer, after discovery of a fuller version of the facts, to seek to decertify the collective action. At this stage, the court determines whether the employees who make up the conditionally certified class are in fact similarly situated based on a more robust factual record. If they are not, the Court may decertify the class. *Id.*

This action is presently at the conditional certification stage. And the Court must determine whether "there are other employees of [Meridian] who [(1)] desire to 'opt-in' and who [(2)] are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The Court is satisfied that Stirling has shown there are other similarly situated Meridian employees who desire to opt in to this action. To date, six putative plaintiffs (not including Stirling himself) have filed their consent to opt in should this action be certified. Stirling and two of these putative opt-in plaintiffs have filed declarations in support of Stirling's motion for conditional certification. All three declarants state that they

have personal knowledge of other Meridian employees who were paid their regular hourly rate for overtime work and would wish to join this action if it were certified. The Court observes that the present record consists of more than "counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would" join the action if given notice. *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). To the contrary, Stirling supports his motion with filed declarations and six actual consents to opt in, which have been filed before the issuance of any notice. This evidence indicates sufficient interest in the collective action by other employees at this stage of the proceedings.

Furthermore, the present record warrants a preliminary finding that the putative class members are similarly situated to plaintiffs. Plaintiffs are only required to show that their positions are similar, not identical, to those of putative class members under 29 U.S.C. § 216(b). *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). "[P]laintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which 'successfully engage defendant[s'] affidavits to the contrary.'" *Id.* at 1097 (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 406 (D.N.J. 1988)).

4

Meridian staffs client businesses in the nuclear industry with employees who can fill its clients' organizational requirements. Maehr Decl. ¶¶ 2, 4, ECF No. 49-4. Stirling and Shelley stated in their declarations that they and other employees of Meridian were subjected to a pay practice in which they were paid their regular hourly rate for overtime work, regardless of job title, pay rate, location, supervisor, or which Meridian client they worked for. Stirling Decl. ¶ 14, ECF No. 28-4; Shelley Decl. ¶ 14, ECF No. 28-10. They also both stated that they were paid hourly rather than on a salary basis and they were not paid if they did not work. Stirling Decl. ¶¶ 10, 11; Shelley Decl. ¶¶ 10, 11. They stated that Meridian, not just its clients, required employees to adhere to certain guidelines, expectations, and directives and exercised some control over how they performed their job duties. Stirling Decl. ¶ 5; Shelley Decl. ¶ 5. The Court finds that Stirling has sufficiently shown that there is a reasonable basis for his claims that he and other Meridian employees are similarly situated in that they were all subject to a class-wide practice of paying a regular hourly rate for overtime work, and they were all subject to the control of Meridian despite being staffed with different clients.

The Court finds unpersuasive at this stage of the proceedings Meridian's argument that Stirling is not a member of his proposed class of putative plaintiffs. This argument is based on Stirling's

5

2021 offer letter, which states that he is paid a weekly salary of $2,579.20 that serves as his "base compensation for all time worked in a workweek" in addition to a "production bonus" of $80.60 for any hour he works "beyond the normal 32 hour workweek." Pl.'s Mot. Conditional Certification Ex. 4, Stirling 2021 Offer Letter 1, ECF No. 28-6 at 2. Based upon this description, Meridian claims that Stirling is not an hourly employee but receives the same salary regardless of how much he works.

Stirling explains, however, in his declaration that if you divide this "salary" by 32 hours per week, since the letter mentions that 32 hours is a normal workweek for this position, then his hourly rate for the first 32 hours he works is $80.60, the same as the "production bonus" hourly rate which he is paid for every hour that he works above 32 hours a week. Stirling Decl. ¶¶ 8, 9. Stirling argues that this, coupled with the fact that he is actually an hourly employee that is not paid a "salary," if he does not work, means that he receives the same hourly rate, $80.60, for any hour he works, even hours in excess of 40 a week.

The Court finds that the existence of this genuine fact dispute does not authorize denial of Stirling's motion for conditional certification. Stirling has demonstrated a reasonable basis for the assertion that he is similarly situated to the putative plaintiffs he seeks to represent.

Meridian also argues that Stirling and the putative plaintiffs are not similarly situated because Meridian staffs employees "to roughly 130 positions with 35 different clients across 39 states" and employees for each of these clients do not have the same job duties. Maehr Decl. ¶ 5. However, the Court is not persuaded that the geographical spread and job differences of the potential opt-in plaintiffs render them not similarly situated. *See Rangel v. Compliance Staffing Agency, LLC*, 3:16-cv-30 (CDL), 2016 WL 3769761, at \*2 (M.D. Ga. July 12, 2016) ("Geographical differences do not necessarily doom a collective action [at the conditional certification stage], as long as the plaintiffs held similar positions and were subjected to similar treatment by the same decisionmakers.").

Here, Stirling has put forth evidence that the potential plaintiffs were all subjected to the same treatment: a Meridian policy of paying employees their regular hourly rate for overtime work, regardless of which client they worked for. His declaration also claims all potential plaintiffs are subject to some control by Meridian in how they performed their jobs. The Court finds this sufficient, at the conditional certification stage, to show that Stirling and the other potential plaintiffs are similarly situated. *See Grayson*, 79 F.3d at 1096 (11th Cir. 1996) (stating that plaintiffs are only required to show that their positions are similar, not identical, to those of other putative class members).

7

If discovery reveals that the putative class members have substantially different job responsibilities or pay structures, Meridian may seek decertification.

**II.  Meridian's Rule 16(c) Motion**

For the reasons explained previously, this action should be conditionally certified to proceed as a collective action.  But the question of how that class should be precisely defined and thus which employees should receive notice remains to be determined.  Citing cases from other circuit courts of appeal, Meridian argues that the class should not consist of employees who have signed enforceable arbitration agreements.  *In re JPMorgan Chase & Co.*, 916 F.3d 494, 504 (5th Cir. 2019); *accord Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020).  The Court generally agrees with this notion.  And the Court finds that this issue can be managed by simply defining the putative class to exclude such employees.  If disputes exist as to whether an employee signed an arbitration agreement or whether such agreements are enforceable, those disputes can be resolved through a motion to exclude particular plaintiffs from the class.

Based on the foregoing, the Court grants conditional certification of a collective action for the following class of potential plaintiffs:

> All current and former employees of Meridian Services Group, LLC f/k/a Work Management, Inc. who were paid the same hourly rate for all hours worked (or "straight time

for overtime") at any time during the past 3 years and who have not signed a valid agreement to arbitrate their FLSA claims.

The parties will have 21 days from the entry of this order to submit a list of potential plaintiffs who are undisputedly entitled to notice, as well as a joint proposed notice and consent form and a joint proposal as to how the potential opt-in plaintiffs should receive notice.  Within that same 21-day period, Stirling and Meridian shall meet and confer regarding any specifically identified current or former employees who Meridian contends have signed a valid arbitration agreement, but who Stirling contends are not covered by an arbitration agreement and therefore entitled to notice.  If the parties cannot agree on the status of these employees after this conference, then Meridian may file a motion to exclude those specifically disputed employees from receiving notice of the collective action.  The Court will then resolve any disputes as to whether a potential plaintiff is covered by an arbitration agreement.[1]

---

[1] The Court is confident that the parties can narrow down these arbitration disputes for the Court's efficient determination. That narrowing down process should start with Meridian providing a list of the names of all employees who it contends are excluded from the class definition solely because they signed an enforceable arbitration agreement.  That list should include the actual signed arbitration agreements and/or other evidence that such agreements were executed. Plaintiffs' counsel should be given an opportunity to engage in limited discovery to make a determination whether they will contest the exclusion of those employees from the class.

**III. Meridian's Cease and Desist Motion**

Meridian has also filed a motion for Stirling's counsel to cease and desist from continuing to run certain advertisements on LinkedIn. These advertisements feature a banner asking if readers "work for Work Management Inc.[,]" a name by which Meridian was formerly known. Mot. for an Order Requiring Pl.'s Counsel to Cease and Desist from Improper Solicitations Ex. A, Pl.'s Counsel's LinkedIn Promotional Advertisements 2-6, ECF No. 57-3. The body of the advertisement states, in full: "Working for Work Management Inc. and only getting straight pay for overtime? You might be owed more! Both employees and contractors usually qualify for time-and-a-half for over 40 hours weekly. Don't be swayed if labeled exempt or salaried; straight time often indicates you're due for extra pay." *Id.* It also directs viewers to "Discover potential unpaid overtime and back wages with our quick quiz!" *Id.* This "quiz" takes the LinkedIn user to a form in which they give their email address, phone number, name, and what state they most recently worked in. *Id.* at 7. It encourages users to "[f]ind out if you could be owed unpaid wages today. Speak with our office for a free, confidential consultation. Contact us today to learn how we can help you with your potential claim." *Id.*

Meridian argues that this advertisement circumvents the Court's authority and discretion over how and when potential plaintiffs should receive notice in this FLSA action. Meridian

10

also contends that this advertisement warrants denial of conditional certification. The Court is unpersuaded.

Preliminarily, the Court observes that this advertisement occurred before the Court has issued any type of notification order in this action. Thus, the Court does not find that it interferes with any orders issued by the Court regarding notice. It certainly does not authorize the Court to deny conditional certification. The Court will closely scrutinize any efforts to disrupt the Court's notification process after any order is issued directing how notice shall be accomplished. But the Court does not find it appropriate at this point to preemptively restrict counsel's First Amendment rights to advertise. The Court does not find that these advertisements have been sufficiently misleading or coercive to warrant court intervention at the pre-certification stage. *Compare Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 922-23 (11th Cir. 2014) (collecting cases where intervention has occurred in cases involving communications about the particular collective action at issue, such as attempts to solicit potential plaintiffs to opt in to a specific collective action). Meridian's motion is therefore denied.[2]

---

[2] The Court finds it unnecessary to opine as to whether counsel's actions violated any state bar ethics rules. An independent disciplinary procedure exists for the adjudication of any such complaints.

11

**IV.  Stirling's Motion to Compel**

The Court also has pending before it Stirling's motion to compel discovery. Meridian argued that the discovery sought by Stirling was more appropriate for the second stage of this action and requested to meet and confer with Stirling on these issues after the Court decided on conditional certification. The Court agrees with Meridian. Stirling's motion to compel is denied at this time. Now that the Court has granted conditional certification, the parties shall meet and confer regarding these discovery disputes.

CONCLUSION

For the foregoing reasons, Stirling's conditional certification motion (ECF No. 28) is granted. Meridian's Rule 16(c) motion (ECF No. 51) is granted to the extent that employees who have signed enforceable arbitration agreements shall not be included in the class and thus shall not receive the class notice. If a dispute exists as to whether an employee entered into such an arbitration agreement, the Court will decide the issue on a case-by-case basis. Meridian's cease and desist motion (ECF No. 57) and Stirling's motion to compel (ECF No. 60) are denied.

The Court grants conditional certification of a collective action as to the following class of potential plaintiffs:

> All current and former employees of Meridian Services Group, LLC f/k/a Work Management, Inc. who were paid the same hourly rate for all hours worked (or "straight time

for overtime") at any time during the past 3 years and who have not signed a valid agreement to arbitrate their FLSA claims.

The parties will have 21 days from the entry of this order to submit a list of potential plaintiffs who are undisputedly entitled to notice, as well as a joint proposed notice and consent form and a joint proposal as to how the potential opt in plaintiffs should receive notice.

If there are any employees who Meridian contends are covered by an arbitration agreement but who Stirling contends are not so covered, then Meridian and Stirling shall meet and confer to resolve any such disputes within that same 21-day period.  If any dispute as to a specifically identifiable employee is not resolved at this conference, then Meridian may file a motion to exclude those specifically identified current or former employees who Meridian contends have signed a valid arbitration agreement, but who Stirling contends are not covered by an arbitration agreement and therefore are entitled to notice.  The Court will resolve any disputes as to whether a potential plaintiff is covered by an arbitration agreement after the parties have had an opportunity to conduct limited discovery on that subject matter.

IT IS SO ORDERED, this 6th day of June, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

13