IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RICHARD STIRLING, individually    *
and on behalf of others
similarly situated, *et al.*,      *

    Plaintiffs,               *

                         CASE NO. 3:23-cv-40 (CDL)
vs.                                *

MERIDIAN SERVICES GROUP, LLC       *
f/k/a WORK MANAGEMENT, INC.,
                           *
    Defendant.

O R D E R

Plaintiffs moved to compel Meridian Services Group, LLC ("Meridian") to respond to requests for the production of documents submitted by four opt-in Plaintiffs in this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.[1]  For the reasons that follow, that motion (ECF No. 94) is granted in part and denied in part.

BACKGROUND

Richard Stirling brought this FLSA action on behalf of himself and others similarly situated.  On June 6, 2024, the Court granted Stirling's motion to conditionally certify this collective action.  Since then, several potential plaintiffs who

---

[1] This motion also originally sought to compel discovery responses from Gary Harland, one of Meridian's owners, pursuant to a subpoena. Following the parties' in-person conference, Plaintiffs have agreed to withdraw their subpoena for Harland. Accordingly, this Order addresses only the discovery requests propounded to Meridian by the four opt-in Plaintiffs.

received notice of the conditional certification have opted in to this action, becoming opt-in Plaintiffs.    During this action's discovery period, four of these opt-in Plaintiffs (Shawn Brownell, Jerry Hickerson, Danny Long, and Robert Shelley, Jr.) propounded requests for the production of documents ("RFPs") to Meridian.    Meridian objected to these requests, and Plaintiffs filed the presently pending motion to compel.    The parties claim that they met in a good faith attempt to resolve the dispute, but the Court is skeptical.    This matter should have been resolved without the Court's help.

STANDARD

Because the parties' inability to resolve this matter on their own may reflect an unfamiliarity with the basic rules, the Court provides this elementary primer.    "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."    Fed. R. Civ. P. 26(b)(1).    One way parties do so is by requesting the production of documents that are "in the responding party's possession, custody or control."    Fed. R. Civ. P. 34(a)(1).    When "a party fails to produce documents . . . as requested under Rule 34," the "party seeking discovery may move for an order compelling" a response.    Fed. R. Civ. P. 37(a)(3)(B)(iv).    But before doing so, the party seeking an order to compel must certify that counsel have met in person in

2

a good faith attempt to resolve the dispute.  Rules 16/26 Order 8 (ECF No. 25).  Good faith contemplates that each side consider the dispute from the other side's perspective and dispassionately evaluate whether this is the proverbial discovery hill to die upon.  The in-person good faith meeting should be approached with an attitude of seeking common ground and not of justifying one's entrenched position.  Here, counsel implicitly claim to have searched for that ground, but their path to it was somehow impeded.  It is puzzling to understand why.

## DISCUSSION

Meridian's main arguments against Plaintiffs' motion to compel are that (1) it has already answered ten RFPs from Stirling, so it is no longer obligated to respond to RFPs pursuant to this Court's Local Rule 34, and (2) allowing individual opt-in Plaintiff's to propound discovery is contrary to this action's collective nature.  The Court finds neither argument particularly persuasive.

### I.  Local Rule 34 Argument

Plaintiffs' counsel could have avoided this unnecessary dispute by simply filing a request to propound additional requests for production, which the Court would have likely granted.  Defendant's counsel astutely notes that Local Rule 34 provides that "[e]xcept with written permission of the [C]ourt

3

first obtained, requests for production under Rule 34 of the
Federal Rules of Civil Procedure may not exceed ten (10)
requests to each party." M.D. Ga. R. 34. End of story,
apparently, for Defendant's counsel. But a good faith
conference would have gone something like this: "Tell me why
you need more requests; maybe we can work this out without you
bothering the Court by filing a motion to exceed the limit."
Then Plaintiff's counsel would hopefully respond: "Sure, I just
need about ten more requests that are not Plaintiff-specific,
and that way I can avoid getting bogged down in the issue of
whether each opt-in plaintiff has the right to ten separate
requests under the local rule." But no. Instead, the decision
was made to litigate whether each individual party in a
collective action can propound separate discovery requests. And
we wonder why modern litigation has become so costly—and often
unnecessarily so.

The bottom line for the Court, which may be based more on
basic common sense and pragmatism than some fancy legal theory,
is that if the discovery being sought is directed to class-wide
issues, if the requests seek relevant evidence, and if the
requests are not unduly burdensome, then the evidence should be
produced.

## II.  FLSA Collective Action Argument

The Court should have probably ended its order (some may say, lamentation) with the foregoing sentence and simply ordered responses to the requests it found relevant and not unduly burdensome.  But because Meridian's counsel obviously spent substantial time justifying its opposition to the requests for production, it seems a bit disrespectful to not even address the Meridian's argument.  The Court notes, however, that for future reference the following is pure dicta.  Defendant argues that the purpose of collective "actions under the FLSA [are]: (1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct" and that allowing individual discovery requests from these opt-in Plaintiffs undermines those purposes.  *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008).  Meridian argues that this collective action is based on allegations of an illegal pay practice common to all opt-in Plaintiffs, so any individual discovery should be unnecessary and would impede the efficiencies of a collective action.

Regardless of whatever purposes may be served by limiting discovery to the representative Plaintiff, the opt-in Plaintiffs are "party plaintiff[s]" in this action.  29 U.S.C. § 216(b).  By using this language, "[t]he statute does not indicate that

opt-in plaintiffs have a lesser status than named plaintiffs . . . . . [t]o the contrary, by referring to them as 'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) (per curiam); *see also Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports that those who opt in become party plaintiffs upon the filing of a consent.").

Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party" a request for the production of documents "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). As full party plaintiffs, the opt-in Plaintiffs are arguably entitled to use this discovery tool to obtain evidence relevant to the case. Additionally, Meridian's argument that this collective action does not warrant individual discovery is undercut by their own actions: they have propounded discovery requests to the very same opt-in Plaintiffs whose RFPs they now seek to avoid. Apparently, unfamiliar with the "good for the goose, good for the gander rule," Meridian's counsel unashamedly tries to distinguish its discovery strategy. The Court finds the distinction unpersuasive and refuses to deny the motion to compel on these grounds.

## III. Objectionable RFPs

The Court does find some of the RFPs to be objectionable—something that again could have been worked out by counsel in a true good faith conference.  For example, the Court declines to compel some of the opt-in Plaintiffs' RFPs which seek irrelevant information or are unreasonably duplicative.  Brownell's RFPs 1 and 2 seek "[a]ll communications [Meridian] sent to or received from any individual identified in MER0001106" and "MER000593-1105" regarding this action.  Def.'s Resp. to Pls.' Mot. to Compel Ex. D, Brownell's July 15, 2024 Discovery Requests 6, ECF No. 95-4.   These numerical identifiers refer to those individuals on the final list of people to be notified that they could opt in to this action and those whose claims were subject to arbitration agreements.  Def.'s Resp. to Pls.' Mot. to Compel 9, ECF No. 95.  The individuals covered by these two RFPs either chose not to opt into this action or were precluded from opting in by the terms of an arbitration agreement.  Accordingly, the Court finds that any communications Meridian may have had with these individuals are not relevant to the claims in this action. The Court declines to compel Meridian to respond to these RFPs.

Additionally, in Brownell's third RFP he asks for "all communications [Meridian] sent to, from, or about any [Plaintiff] during the [relevant time period]."  Def.'s Resp. to Pls.' Mot. to Compel Ex. D, Brownell's July 15, 2024 Discovery

Requests 6.   This is nearly identical to Stirling's RFP 8, to which Meridian has already responded.   Def.'s Resp. to Pls.' Mot. to Compel Ex. A, Pl.'s Sept. 7, 2023 Discovery Requests 10, ECF No. 95-1.   Accordingly, this request is unreasonably duplicative, and Meridian shall not be compelled to answer it. Long's RFP 3 is similarly identical and shall not be compelled for the same reason.   Def.'s Resp. to Pls.' Mot. to Compel Ex. F, Long's July 15, 2024 Discovery Requests 6, ECF No. 95-6.

The first two RFPs from Hickerson request communications between Meridian and employees of the law firm Smith Gambrell & Russell, LLP as well as documents from that firm.   Def.'s Resp. to Pls.' Mot. to Compel Ex. E, Hickerson's July 15, 2024 Discovery Requests 6, ECF No. 95-5.   However, Meridian represents that it has already provided Plaintiffs with all non-privileged communications it had with this firm, including the requested documents.   Def.'s Resp. to Pls.' Mot. to Compel 17-18; Tsonis Decl. ¶¶ 13-15, ECF No. 95-3.   Finding these requests unreasonably cumulative, the Court declines to compel responses to them.

Shelley's RFP 2 requests information concerning Meridian's employment policies that is already covered by Long's RFP 2 (which the Court does not find objectionable).   Def.'s Resp. to Pls.' Mot. to Compel Ex. G, Shelley's July 15, 2024 Discovery Requests 6, ECF No. 95-7; Def.'s Resp. to Pls.' Mot. to Compel

Ex. F, Long's July 15, 2024 Discovery Requests 6.   Therefore, Shelley's RFP 2 is unreasonably duplicative, and the Court will not compel a response to it.

Finally, the Court will not compel a response to Shelley's RFP 4.   This RFP seeks communications from certain Meridian employees concerning a wide array of 13 different topics. Def.'s Resp. to Pls.' Mot. to Compel Ex. G, Shelley's July 15, 2024 Discovery Requests 6.  This RFP is unreasonably duplicative of other requests which already capture any communications from Meridian employees which would be relevant to this action.  *See, e.g.*, Def.'s Resp. to Pls.' Mot. to Compel Ex. A, Pl.'s Sept. 7, 2023 Discovery Requests 10 ("Produce all communications sent to, from, or about each [Plaintiff] during the [relevant time period]").

                              CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (ECF No. 94) is granted in part and denied in part.   The Court overrules any objection to Brownell's RFP 4; Hickerson's RFPs 3, 4, and 5; Long's RFPs 1, 2, 4, 5; and Shelley's RFPs 1 and 3. The Court finds that these requests seek relevant evidence and responding to them will not be unduly burdensome.   Meridian shall respond to these RFPs within 21 days of this Order.   The Court also extends the discovery period 60 days from the entry of   this   order;   the   deadline   to   file   dispositive   or

decertification motions shall be April 18, 2025.  The motion to compel is denied as to all other RFPs.

Hopefully, the next time counsel have a discovery dispute in this Court, they will try a little harder to find common ground.  While the preparation of this order ended up being necessary, it quite frankly amounted to a waste of limited judicial resources.

IT IS SO ORDERED, this 14th day of February, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA